1. Defendant MAV has notified the Panel of two potential tag-along actions, one pending in the District of District of Columbia (*de Csepel*) and the other pending in the Northern District of Illinois (*Holocaust Victims of*

# IN RE: HUNGARIAN HOLOCAUST LITIGATION

**Rosalie Simon, et al. v. The Republic of Hungary, et al. D. District of Columbia, C.A. No. 1:10–1770**

**Victims of the Hungarian Holocaust v. Hungarian State Railways, N.D. Illinois, C.A. No. 1:10–868.**

## MDL No. 2207.

United States Judicial Panel on Multidistrict Litigation.

Feb. 3, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES and PAUL J. BARBADORO, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:\*** Plaintiffs in an action pending in the District of District of Columbia have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of that action (*Simon*) and an action pending in the Northern District of Illinois (*Victims of the Hungarian Holocaust*).[1]

Responding defendants the Republic of Hungary and MAV Zrt. (MAV), which is the Hungarian national railway system, support centralization in the District of

---

*Bank Theft*). The *de Csepel* plaintiffs and plaintiffs and defendants in *Holocaust Victims of Bank Theft* oppose inclusion of their respective actions in centralized proceedings. At oral argument, all counsel agreed that *de Csepel's* inclusion in an MDL was not warranted.

District of Columbia. Plaintiffs in *Victims of the Hungarian Holocaust* also support centralization, but urge that the Panel select the Northern District of Illinois as the transferee district.

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. In making this decision, we acknowledge that these actions do share factual issues regarding defendants' role in the Hungarian Holocaust during World War II—in particular, allegations that defendants expropriated the personal and/or real property of Hungarian Jews who were transported to Auschwitz and/or other locales in which they were placed or maintained in the custody of German or other hostile authorities.

There are only two actions in this docket, however, and it is unclear whether either will require significant discovery. Plaintiffs in *Victims of the Hungarian Holocaust* describe their complaint as the product of nine years of extensive factual research, assert that MAV's commission of the genocidal acts alleged is not reasonably subject to dispute, and contend that the actions "will be principally litigated on Rule 12 motions." Although defendants have identified one potential tag-along action, *see* footnote 1, it is questionable whether that action is, in fact, a proper tag-along, as it is brought against different defendants (including various European banks) and involves essentially different factual issues.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

---

\* Judge Kathryn H. Vratil took no part in the disposition of this matter.